FILED
CLERK
February 24, 2023
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
HASANI MILLER,

                         Plaintiff,

         -against-

UNITED PARCEL SERVICE, INC.,

                        Defendants.
-------------------------------------------------------------X

**MEMORANDUM**
**DECISION AND ORDER**
20-CV-05244 (JMW)

**A P P E A R A N C E S:**

Abdul K. Hassan, Esq.
**ABDUL HASSAN LAW GROUP, PLLC**
215-28 Hillside Avenue
Queens Village, New York 11427
*For Plaintiff Hasani Miller*

Paul R Piccigallo
**Littler Mendelson PC**
290 Broadhollow Road, Suite 305
Melville, NY 11747
*For Defendant United Parcel Service, Inc.*

**WICKS,** Magistrate Judge:

### I.    BACKGROUND

Plaintiff Hasani Miller commenced this action against United Parcel Service, Inc. on October 30, 2020, pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq*. ("FLSA"), the New York Labor Law § 190, *et seq.* ("NYLL") arising out of alleged wage violations occurring in the three and a half years leading up to September 22, 2020. (DE 1.)  During this time, Defendant employed Plaintiff at its Uniondale location in mail and package handling and

1

delivery operations. (*Id.*) For this work, Plaintiff was paid $21.74 per hour or $32.61 per overtime hour. (*Id.*)

According to the Complaint, Plaintiff worked 50-60 hours per week for 5-6 days per week for Defendant, receiving no overtime pay for the additional time worked. (*Id.*) For instance, Plaintiff alleges he received his regular pay of $21.74 per hour for 40 hours times with no overtime pay during the week of August 22, 2020, a week where he worked 57 hours. (*Id.*) Plaintiff asserts this example of Defendant's failure to pay overtime wages is "reflective of Defendant's payment pattern throughout Plaintiff's employment[.]" (*Id.*)

Despite the *bona fide* dispute between them, the parties ultimately achieved a settlement on April 24, 2022. (DE 12-2.) On April 25, 2022, Plaintiff moved in accordance with *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015), for approval of the parties' settlement agreement ("Settlement Agreement"). (DE 12.) On May 19, 2022, all parties signed a consent form, pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, granting this Court power to conduct all proceedings in this matter and enter final judgement. (DE 40.) For the following reasons, the motion for settlement approval is GRANTED.

## II.     STANDARD FOR APPROVING FLSA SETTLEMENTS

Federal Rule of Civil Procedure 41 provides, in relevant part, that:

Subject to . . . any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:

>    (i)  a notice of dismissal before the opposing party serves either an answer of a motion for summary judgment; or
>
>    (ii) a stipulation of dismissal signed by all parties who have appeared.

Fed. R. Civ. P. 41(a)(1)(A).

In *Cheeks*, the Second Circuit held that the FLSA is an "applicable federal statute" under Rule 41 because of "the unique policy considerations underlying" the act. 796 F.3d at 206. Such considerations include the laudable aim of "'extend[ing] the frontiers of social progress by insuring to all our able-bodied working men and women a fair day's pay for a fair day's work.'" *Id*. (quoting *A.H. Phillips, Inc. v. Walling*, 324 U.S. 490, 493 (1945)). Accordingly, in this Circuit, Rule 41's "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Id*.

"Generally, if the proposed settlement reflects a reasonable compromise over contested issues, the settlement should be approved" by the reviewing court. *Ceesae v. TT's Car Wash Corp.*, 17 CV 291 (ARR) (LB), 2018 WL 1767866, at *2 (E.D.N.Y. Jan. 3, 2018) (internal quotation marks and citation omitted) *report and recommendation adopted by* 2018 WL 741396 (Feb. 7, 2018). In reviewing the reasonableness of the proposed settlement, courts consider the totality of the circumstances, including relevant factors such as:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotation marks and citations omitted) ("*Wolinsky* Factors").

Factors weighing *against* settlement approval include:

> (1) the presence of other employees situated similarly to the claimant; (2) a likelihood that the claimant's circumstance will recur; (3) a history of FLSA non-compliance by the same employer or others in the same industry or geographic region; and (4) the desirability of a mature record and a pointed determination of the governing factual or legal issue to further the development of the law either in general or in an industry or in a workplace.

*Id*. (internal quotation marks and citations omitted).

Even if application of the *Wolinsky* Factors demonstrates that the agreement is fair and reasonable, the court must also consider whether the settlement "complies with the Second Circuit's admonitions as articulated in *Cheeks*." *Ezpino v. CDL Underground Specialists, Inc.*, 14-CV-3173 (DRH) (SIL), 2017 WL 3037483, at *1 (E.D.N.Y. June 30, 2017) (citation omitted), *report and recommendation adopted by* 2017 WL 3037406 (E.D.N.Y. July 17, 2017). Specifically, courts should guard against "highly restrictive confidentiality provisions," overbroad releases that "would waive practically any possible claim against the defendants, including unknown claims and claims that have no relationship whatsoever to wage-and-hour issues," and "a[ny] provision that would set the fee for plaintiff's attorney . . . without adequate documentation." *Cheeks*, 796 F.3d at 206 (citation omitted). In association with the final admonition, courts must also ensure that any attorney's fees provided for in the agreement are reasonable. *See* 29 U.S.C. § 216(b) ("The Court . . . shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a *reasonable* attorney's fee to be paid by the defendant, and costs of the action."); *see also Ceesae*, 2018 WL 1767866 at *2 (noting that courts engaging in a *Cheeks* review must "evaluate[] the reasonableness of any attorney's fees included in the proposed settlement") (citing 29 U.S.C. § 216(b)).

It is against this backdrop that the Court reviews the proposed Settlement Agreement and accompanying motion.

### III.  DISCUSSION

After hard-fought negotiations, an exchange of documents, and participation in a Court-annexed mediation,[1] the parties achieved settlement. (DE 12.) Accordingly, the parties executed and filed the Settlement Agreement, according to which Plaintiff's claims in this suit would be

---

[1] The Court gratefully acknowledges the work of Mediator Roger Briton.

4

dismissed with prejudice against Defendants, who would pay $45,000 in total. (DE 12-1.) From this amount, $944 in costs and fees is deducted: $400 for filings; $300 in mediation costs; and $244 in service costs. (*Id.*) Plaintiff shall receive two-thirds of the remainder, $29,371, and Plaintiff's counsel shall receive one-third, $14,685. (*Id.*) For the reasons set forth below, the Court finds that the monetary and non-monetary terms of the settlement are fair and reasonable under *Cheeks*.

### *Reasonableness of the Settlement*

Based on the parties' submissions—the parties' request of settlement approval (DE 12), executed Settlement Agreement (DE 12-1), and the retainer agreement between Plaintiff and counsel (DE 12-2)—the Court finds that application of the *Cheeks* factors favor approval.

*First*, the settlement agreement provides for a total payment of $45,000, approximately two-thirds of which will be paid to Plaintiff as compensation for the alleged unpaid overtime wages and liquidated damages. (DE 12.) Plaintiff alleges unpaid overtime wages for 174 weeks, for 8.25 hours per week, at $32.61 per hour, totaling $46,811. The settlement amount, being nearly equivalent to the alleged amount, is quite reasonable. This factor weighs in favor of approval.

*Second*, the Court agrees with Plaintiff that settlement will avoid extensive litigation costs. Notwithstanding the legal issues present, Plaintiff is confident that he would prevail on the merits. (*Id.*) Defendant disputes liability insofar as it contends that Plaintiff was properly compensated for all hours worked. (*Id.*) However, the parties represent that the "tremendous financial and non-financial costs/harms of litigation especially given the current COVID-19 virus situation" favor a settlement. (*Id.*) The proposed settlement allows the parties to avoid inevitable burdens and expenses in the two years they estimate it would take to ultimately bring this to trial. Thus, this factor weighs in favor of approval.

*Third*, there is a *bona fide* dispute between the parties, and settlement is a means of avoiding significant litigation risks for both. Defendant counters Plaintiff's claims by asserting that Plaintiff was compensated for all hours worked. (DE 12.) Defendant also disputes the work hours and period of employment alleged by Plaintiff. (*Id.*) Specifically, Defendant contends that Plaintiff was paid correctly for some overtime hours, but the parties dispute whether certain additional time constituted work and were compensable. (*Id.*) If Defendant prevails on liability, there will be no payout. Even if Plaintiff were victorious in persuading a trier of fact to adopt their numbers, the jury could limit recovery. Given these countervailing considerations, settlement is an effective means of dealing with litigation risks. This factor weighs in favor of settlement approval.

*Fourth*, the Court finds that the parties have properly engaged in bargaining at arms-length to reach the Settlement Agreement. This is evinced by the parties' participation in formal mediation with experienced representation before an experienced FLSA mediator, Mediator Briton. (*Id.*) This factor weighs in favor of settlement approval.

*Fifth*, the parties, through counsel, negotiated in good faith and agreed upon the terms within the Settlement Agreement. (*Id.*) Plaintiff represents, and the record reflects, that all parties made compromises on their positions, financially and otherwise, to achieve a fair and reasonable settlement. (*Id.*) There is no indication in the record that the settlement is a product of fraud, coercion, or collusion. In sum, the parties have come to a reasonable settlement, after arms-length negotiations, that permits them to avoid the risks and burdens of litigating a serious dispute.

Next, the Court will address the factors that weigh against settlement. Here, the *Wolinsky* Factors that weigh against settlement do not compel rejection of the otherwise valid proposed settlement.

*First*, although the record is silent as to whether there are similarly situated workers, Plaintiff's settlement agreement releases only *Plaintiff's* claims against Defendant. (DE 12-2.) Similarly situated workers, if they chose to litigate, would not be prejudiced by this settlement.

*Second*, given the time and resources spent during the litigation process and the high costs incurred by Defendant, it is likely that Defendant will be deterred from violating the FLSA. Further, because the Plaintiff no longer works for Defendant (DE 1), it is also unlikely the claimant's individual circumstances will recur.

*Third*, the Court finds the record bereft of any history of non-compliance with the FLSA by the same employer or other employers in the same industry or geographic region, and the parties have not suggested otherwise. This *Wolinsky* factor holds little weight.

*Fourth*, the desirability for a mature record is weak. The parties exchanged documents through the process of mediation. In any event, even if the desirability of a more mature record that further develop labor law exists, this factor alone does not compel denying a motion for approval of the settlement.

Finally, the proposed settlement agreement does not contain any of the problematic provisions that are flagged in *Cheeks*. First, it contains no confidentiality or non-disparagement provisions. (DE 12-1.) Second, while it contains a release, that release is appropriately limited to Plaintiff's claims under the FLSA and NYLL brought in this suit. (*Id.*)

7

*Attorneys' Fees*

"In an FLSA case, the Court must independently ascertain the reasonableness of the fee request." *Gurung v. White Way Threading LLC*, 226 F. Supp. 3d 226, 229–30 (S.D.N.Y. 2016) (citation omitted). When considering applications for attorneys' fees, courts employ the lodestar method. *Kazadavenko v. Atl. Adult Day Care Ctr. Inc.*, No. 21 CV 3284 (ENV) (LB), 2022 WL 2467541, at *4 (E.D.N.Y. Apr. 14, 2022). The lodestar calculation, which is "the product of a reasonable hourly rate and the reasonable number of hours required by the case," "creates a presumptively reasonable fee." *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

Courts may also employ the "percentage of the fund" method which permits attorneys to recover a percentage of the settlement amount via a previously determined contingency fee. *McDaniel v. Cnty. of Schenectady*, 595 F.3d 411, 417-19 (2d Cir. 2010). Courts in this Circuit routinely approve of one-third contingency fees for FLSA cases. *Lai v. Journey Preparatroy Sch., Inc.*, No. 19 CV 2970 (CLP), 2022 WL 3327824, at *3 (E.D.N.Y. May 26, 2022) ("With this method, courts in this Circuit have routinely found an award representing one-third of the settlement amount to be reasonable"); *Kazadavenko*, 2022 WL 2467541 at *4 (collecting cases). However, even where fees are reasonable when analyzed under the percentage method, courts will additionally perform a lodestar "cross-check" and "compare the fees generated by the percentage method with those generated by the lodestar method." *Mobley v. Five Gems Mgmt. Corp.*, 17 Civ. 9448 (KPF), 2018 WL 1684343, at *4 (S.D.N.Y. Apr. 6, 2018) (citations omitted).

Notwithstanding the commonplace practice of lodestar calculation, a "settlement agreement is a contract that is interpreted according to general principles of contract law." *Fisher v. SD Prot. Inc.*, 948 F.3d 593, 605 (2d Cir. 2020) (quoting *Omega Eng'g, Inc. v. Omega,*

8

*S.A.*, 432 F.3d 437, 443 (2d Cir. 2005)). Following *Fisher*, courts in this district have independently found an attorney fee representing one-third the settlement amount reasonable, where the attorney provided documentation of the signed retainer agreement between the attorney and plaintiff. *See, e.g.*, *Caceres v. Brentwood Farmers Martket, Inc.*, No. CV 20-3476 (AKT), 2021 WL 3276637, at *2 (E.D.N.Y. May 4, 2021) (approving settlement pursuant to retainer agreement); *Quispe v. Stone & Tile Inc.*, 583 F. Supp. 3d 372, 380 (E.D.N.Y. 2022) (approving settlement and considering retainer as documentation, prior to performing a lodestar analysis); *Lee v. Samiti Tech. Inc.*, No. 21CV1032 (CBA)(TAM), 2021 WL 7906558, at *6 (E.D.N.Y. Sept. 8, 2021) (same).

After deducting costs, Plaintiff's counsel requests $14,685 of the $45,000 amount. In support of this award, Plaintiff's counsel submits the retainer agreement. (DE 12-2.) The award and fees here requested are "consistent with the fee arrangement set forth in the retainer agreement." [2] *Caceres*, 2021 WL 3276637, at *2. Further, $400 for filings, $300 in mediation costs, and $244 represent "common expenses for wage-and-hour cases in this district." *See, e.g.*, *Li v. HLY Chinese Cuisine Inc.*, No. 18-CV-5077 (MMH), 2022 WL 1597302, at *8 (E.D.N.Y. Mar. 31, 2022) (approving $1,816 in combined mediation, deposition, filing, mailing, and

---

[2] The language used in the retainer agreement here is identical to the language approved by the Honorable Kathleen Tomlinson in *Caceres*. *See* 2021 WL 3276637, at *2. Specifically, paragraph 12 of the retainer provides the attorney fee's provision:

> The amount of Attorney's contingency fee will be the greater of:
>
> > (a) A reasonable percentage fee which is one-third (1/3) of all sums recovered on Client's behalf; or
> > (b) A reasonable hourly fee which is the amount of Attorney's hourly rates as laid out below (see paragraphs 24 and 26) times the number of hours spent by the Attorney on Client's behalf; or
> > (c) A separate recovery of fees such as where a court or other tribunal awards attorney's fees or where a defendant(s) settles a demand for fees.

(DE 12-1.)

service costs). Defendant has not taken a position regarding Plaintiffs' application for attorneys' fees and costs. Thus, the Court concludes that the requested attorneys' fees and costs are reasonable and therefore appropriate.

## IV.  CONCLUSION

For the foregoing reasons, Plaintiff's motion for approval of the Settlement Agreement is GRANTED. Accordingly, Plaintiff's claims are DISMISSED WITH PREJUDICE. The parties shall file a Stipulation of Dismissal with Prejudice on or before March 24, 2023, and the Court will direct the Clerk's Office to close this case thereafter.

Dated: Central Islip, New York
February 24, 2023

**S O   O R D E R E D:**

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge